UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSHUA R. MILLER,<br><br>      Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>      Defendant. | Case No. 3:13-cv-05684-BHS-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for June 27, 2014 |

  Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance benefits and supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976).  After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits should be affirmed.

FACTUAL AND PROCEDURAL HISTORY

  On August 10, 2010, plaintiff filed an application for disability insurance benefits. <u>See</u> Administrative Record ("AR") 228-38.  On August 24, 2010 plaintiff filed an application for SSI. <u>See</u> AR 239-46.  In these applications, plaintiff alleged disability as of September 9, 2009, due to post traumatic stress disorder, anxiety, nightmares, obsessive compulsive disorder, and

REPORT AND RECOMMENDATION - 1

hearing voices. See AR 367. Plaintiff's applications were denied upon initial administrative review and on reconsideration. See AR 145-49. A hearing was held before an administrative law judge ("ALJ") on February 28, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 32-77. At the hearing, plaintiff amended his alleged disability onset date to March 19, 2009. See AR 35.

On March 26, 2012, the ALJ issued a decision in which plaintiff was determined to be not disabled. See AR 5-31. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on June 14, 2013, making the ALJ's decision defendant's final decision. See AR 1-3; see also 20 C.F.R. §§ 404.981, 416.1481. On August 12, 2013, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See Dkt. No. 1. The administrative record was filed with the Court on December 3, 2013. See Dkt. No. 11. The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for further proceedings, because the ALJ erred in determining that plaintiff had no severe physical impairments at step two of the sequential disability evaluation process. For the reasons set forth below, the undersigned disagrees that the ALJ erred in determining plaintiff to be not disabled, and therefore recommends that defendant's decision be affirmed.

DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v.

REPORT AND RECOMMENDATION - 2

Comm'r of the Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Sec'y of Health and Human Serv., 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

I.   The ALJ's Step Two Determination

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 3

Plaintiff argues that the ALJ erred at step two of the sequential disability evaluation process by finding plaintiff did not have a severe physical impairment. Dkt. No. 13, pp 4-10. Plaintiff further argues that this error is significant because it undermines the evidentiary basis for the ALJ's finding at step five that plaintiff was able to perform other work existing in substantial numbers in the national economy. Dkt. No. 13, pp 1-2. Specifically, plaintiff alleges that the ALJ erred by failing to incorporate all of the physical limitations related to plaintiff's back condition opined by the state agency reviewing physician and by plaintiff's former girlfriend into the hypothetical questions posed to the VE, and for this reason, the VE's testimony, upon which the ALJ based her step five finding, was not reliable. Dkt. No. 13, p 10; see Tr. 411, 892-99, 942.

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id. At step two of the evaluation process, the ALJ must determine if an impairment is "severe." 20 C.F.R. §§ 404.1520, 416.920. An impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(iii)(c), 416.920(a)(4)(iii)(c); see also Social Security Ruling ("SSR") 96-3p, 1996 WL 374181 *1. Plaintiff has the burden of proving that his "impairments or their symptoms affect [his] ability to perform basic work activities." Edlund v. Massanari, 253 F.3d 1152, 1159-60 (9th Cir. 2001); Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998). The step two inquiry described above, however, is a *de minimis* screening device used to dispose of groundless claims. Smolen, 80 F.3d at 1290.

REPORT AND RECOMMENDATION - 4

An impairment is not severe only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual[']s ability to work." SSR 85-28, 1985 WL 56856 *3; see also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996); Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir.1988).  According to Social Security Ruling ("SSR") 96-3b, "[a] determination that an individual's impairment(s) is not severe requires a careful evaluation of the medical findings that describe the impairment(s) (i.e., the objective medical evidence and any impairment-related symptoms), and an informed judgment about the limitations and restrictions the impairments(s) and related symptom(s) impose on the individual's physical and mental ability to do basic work activities." SSR 96-3p, 1996 WL 374181 at *2 (citing SSR 96-7p).

In finding plaintiff's back impairment not severe, the ALJ provided a detailed summary of the medical evidence, including magnetic resonance imaging ("MRI") findings, associated with plaintiff's back problems.  AR 11-12.  The ALJ offered multiple reasons to find plaintiff's back impairment not severe:  (1) the medical imaging supporting plaintiff's back impairment was from 2006, however, plaintiff had worked at substantial gainful levels since that time despite his back problems; (2) plaintiff stopped work due to his mental impairments, not his back impairment; (3) plaintiff sought no treatment for this back problems during the period relevant to his current claim for benefits; (4) plaintiff made no allegations of disability related to his back condition; and (5) there was no evidence during the relevant period that plaintiff's back impairment caused significant limitations in his ability to perform basic work activities.  AR 12.  The ALJ further reasoned that even if plaintiff's back impairment was severe, the state agency reviewing physician opined plaintiff could perform light work and the VE identified several jobs at the light level plaintiff could perform.  AR 12.

REPORT AND RECOMMENDATION - 5

Relying on Ortiz v. Commissioner of the Social Security Administration, 425 Fed. Appx. 653 (9th Cir. 2011), plaintiff argues that the ALJ's failure to find his back impairment severe was a reversible legal error. Dkt. No. 13, pp 6-7.  The facts in Ortiz, 425 Fed. Appx. 653, however, are distinguishable from the case at bar.  The ALJ determined Ortiz had no severe impairments and denied Ortiz's application for disability benefits at step two of the sequential evaluation process. See Id. at 654.  Although plaintiff is correct that the step two inquiry is a *de minimis* screening device used to dispose of groundless claims, as defendant points out, the ALJ resolved step two in plaintiff's favor by finding that plaintiff's mental impairments were severe and continuing to evaluate plaintiff's impairments at the later steps in the sequential disability evaluation process.   See AR 10-14; See Smolen, 80 F.3d at 1290.  For this reason, plaintiff must show not only that the ALJ erred in finding his back impairment not severe but also that this error was consequential to the ALJ's nondisability determination.  See Burch v. Barnhart, 400 F.3d 676, 682 (9th Cir. 2005); see also Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting Carmickle v. Comm'r of the Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted) (finding that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'").

Consistent with SSR 96-3p, the record supports that the ALJ carefully weighed the medical and testimonial evidence of record in reaching her decision that plaintiff's back impairment was not severe. AR 11-12; see SSR 96-3p, 1996 WL 374181.  Moreover, the ALJ's assessment of evidence related to plaintiff's back problems was reasonable.  For example, the ALJ noted that plaintiff was able to work as a home health care provider and certified nursing assistant despite his back problems. AR 11-12; see AR 257, 255, 325-27, 346, 368, 374.  The

REPORT AND RECOMMENDATION - 6

ALJ also reasoned that plaintiff testified that he stopped working in 2009 due to his mental impairments, not his back problems.  AR 12; see also AR 40-46, 353, 367.  Additionally, plaintiff's treating source opined plaintiff was capable of performing light duty tasks.   AR 11 (citing AR 538).  The ALJ's reasons for finding plaintiff's back impairment not severe were supported by substantial evidence in the record.  Although plaintiff offers an alternate interpretation, "[if] the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld.  Allen, 749 F.2d at 579 ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart , 438 F.2d at 921).

Even if the ALJ did err in finding plaintiff's back impairment not severe, as discussed in greater detail below, plaintiff has not demonstrated that the ALJ's failure to integrate the physical limitations opined by the state agency reviewing physician was consequential to the ALJ's non disability finding.  See Molina, 674 F.3d at 1115.  Nor has plaintiff established that the VE's testimony was unreliable based on the ALJ's failure to incorporate the limitations opined by plaintiff's former girlfriend.  See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (finding that an ALJ may omit those limitations she finds do not exist from the vocational hypothetical).

    A.  **The ALJ's assessment of the medical opinion of the state agency reviewing physician**

A state agency physician reviewed the medical record in October 2009 and opined plaintiff was limited to less than a full range of light work activities due to his back impairment.  AR 892-99, 942.  Plaintiff argues that the ALJ erred by failing to include the postural limitations opined by the state agency physician in the vocational hypothetical.   Dkt. No. 13, p 10.

REPORT AND RECOMMENDATION - 7

Plaintiff's argument is without merit.  The second hypothetical question posed to the VE contained all of the limitations—exertional, postural and environmental—opined by the state agency reviewing physician.  Compare AR 893-96, 942 with AR 75.

The ALJ's hypothetical question to the VE included the ability to "lift and carry 20 pounds occasionally, 10 frequently, sit about six hours and stand and/or walk about six hours in an eight-hour day with regular breaks, occasionally climb, stoop, crouch, frequently balance, kneel and crawl and avoid concentrated exposure to vibration and hazards."  AR 75.  These limitations are identical to the limitations opined by the state agency reviewing physician.  AR. 893-96, 942.  In response to this question, the VE replied that the hypothetical individual could perform the cleaner/housekeeper occupation as well as the occupation of laundry folder.  AR 75.  The ALJ included both of these light occupations in the step five finding that plaintiff could perform other work.  AR 20.   As such, inclusion of the limitations opined by the state agency reviewing physician would not have altered the ALJ's ultimate non disability finding in this case.  For this reason, plaintiff has not demonstrated any harm.  Molina, 674 F.3d at 1115.

**A.  The ALJ's assessment of the testimony of plaintiff's former girlfriend**

Plaintiff also argues that the ALJ erred by not including the physical limitations opined by plaintiff's former girlfriend who observed plaintiff was "unable to stand or sit for long periods of time" and reported plaintiff had problems standing for more than 15 to 20 minutes at a time.  AR 410-12.   The ALJ offered six reasons to reject this evidence: (1) since plaintiff's amended onset date, plaintiff made no complaints of back pain; (2) since plaintiff's amended onset date, plaintiff sought no treatment for back pain; (3) plaintiff did not allege any physical problems in his application for benefits; (4) plaintiff provided no testimony at the hearing regarding his back problems; (5) plaintiff's former girlfriend's testimony was inconsistent with plaintiff's ability to

REPORT AND RECOMMENDATION - 8

live alone, care for all of his needs and attend school full time; and (6) plaintiff no longer saw his former girlfriend regularly.  AR 16-17.  These reasons are germane reasons supported by substantial evidence sufficient to reject the testimony of a lay witness.  See Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001).  Notably, plaintiff does not take issue with the ALJ's rejection of this evidence.

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis, 236 F.3d at 511.  The ALJ observed that plaintiff's former girlfriend's testimony was inconsistent with plaintiff's daily activities, which included taking public transportation, grocery shopping, completing household chores, preparing meals and attending college full time.  AR 16-17 (citing AR 284-91, 384-89, 1038).  An ALJ may reject lay witness evidence if other evidence in the record regarding the claimant's activities is inconsistent therewith. See Carmickle, 533 F.3d at 1164 (ALJ's rejection of lay witness evidence because it was inconsistent with claimant's successful completion of continuous full-time coursework constituted reason germane to lay witness).  The ALJ also noted that plaintiff's former girlfriend admitted she saw plaintiff only occasionally and that plaintiff's former girlfriend's testimony was inconsistent with plaintiff's own symptom complaints.  AR 17; see also AR 410.  An ALJ may properly consider frequency of contact and consistency with other evidence when evaluating the opinion evidence of a lay witness.  SSR 06-03p, 2006 WL 2329939 at *4-*5.  As such, the ALJ provided germane reasons supported by substantial evidence to reject the testimony of plaintiff's former girlfriend. Lewis, 236 F.3d at 511.

At step five of the sequential evaluation process, an ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical question posed by the ALJ to the VE.

REPORT AND RECOMMENDATION - 9

Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1987); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). The VE's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). The ALJ, however, may omit from that description those limitations she finds do not exist. Rollins, 261 F.3d at 857. Because the ALJ properly rejected the testimony of plaintiff's former girlfriend, she was not required to include the limitations opined by plaintiff's former girlfriend in the hypothetical questions posed to the VE. As such, plaintiff has not demonstrated that the testimony of the VE was unreliable. See Id.

## CONCLUSION

The ALJ's interpretation of the evidence related to plaintiff's back impairment was reasonable. It is not the job of the court to reweigh the evidence: If the evidence "is susceptible to more than one rational interpretation," including one that supports the decision of the Commissioner, the Commissioner's conclusion "must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002) (citing Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599, 601).

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ properly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court affirm defendant's decision pursuant to sentence four of 42 U.S.C. § 405(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn,

474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **June 27, 2014**, as noted in the caption.

DATED this 3rd day of June, 2014.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11